UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARVELLE EDWARD SHARP #241548,

    Petitioner,

v.                                                           Case No. 2:06-cv-146
                                                             HON. ROBERT HOLMES BELL

BARRY MCLEMORE,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner Marvelle Edward Sharp filed this petition for writ of habeas corpus challenging the validity of his parole revocation. Petitioner's underlying conviction occurred on November 11, 1995. At that time, Petitioner was convicted of unarmed robbery and was sentenced to serve nine months in the county jail and 24 months probation. While Petitioner was serving his nine months in the county jail, his probation was revoked and he was sentenced to prison for violating two of the "terms and conditions of his probation." The first condition allegedly violated by Petitioner was that he serve the nine months in county jail, which he was doing at the time of the revocation. The second condition allegedly violated by Petitioner was that he serve "tether" for 90 days in lieu of three months county jail time upon release. Petitioner states that because he was never released from jail, he could not have violated this condition. Therefore, Petitioner claims that he was actually innocent of the alleged parole violation and that his counsel was ineffective in failing to file an objection. Consequently, Petitioner's parole was improperly revoked.

        Petitioner filed a motion for relief from judgment with regard to his parole revocation on November 19, 2003, asserting that his counsel's ineffectiveness caused him to suffer the

revocation of his parole. Petitioner states that he was never notified of the court's decision on this motion. Petitioner did not file an appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

Initially, the undersigned notes that the Supreme Court has recognized a parolee's due process right to adequate procedures leading up to the revocation of parole. *See Morrissey v. Brewer*, 408 U.S. 471 (1972). However, a petitioner must exhaust state remedies for these claims. 28 U.S.C. § 2254(b); *see Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993) (noting that petitioner had exhausted all state remedies before bringing habeas action); *Brewer v. Dahlberg*, 942 F.2d 328, 336 (6th Cir. 1991) (dismissing challenge to state parole revocation because state remedies arguably available). Parole revocations may be reviewed under Michigan's Administrative Procedures Act. *See Penn v. Dep't of Corr.*, 100 Mich. App. 532, 539-40, 298 N.W.2d 756, 757-58 (Mich. App. 1980). In addition, a parolee may attack a revocation decision by state petition for habeas corpus. *See Hinton v. Michigan Parole Bd.*, 148 Mich. App. 235, 243-44, 383 N.W.2d 626, 629-30 (Mich. App. 1986); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 779, 371 N.W.2d 862,

865 (Mich. App. 1985); *see also Caley v. Hudson*, 759 F. Supp. 378 (E.D. Mich. 1991) (dismissing federal habeas corpus petition by a state prisoner for lack of exhaustion of his available state habeas corpus action to challenge revocation of parole). Until Petitioner has exhausted his claim by presenting it to all levels of state judicial review, he may not maintain a habeas corpus action challenging revocation of parole. However, as noted below, regardless of whether Petitioner exhausted his claims, it appears that his petition may be dismissed with prejudice as being barred by the one-year statute of limitations.

In the opinion of the undersigned, Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). The one-year period of limitation provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions. Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to Petitioner's application, his parole was revoked sometime during the first 9 months after his conviction. Petitioner took no action regarding the revocation until he filed a motion for relief from judgment on November 19, 2003. Petitioner claims that he never received a decision on the motion. Petitioner did not file an appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner concedes that his claims are barred by the applicable statute of limitations, but asserts that he is entitled to equitable tolling of the statute of limitations because he is actually innocent. The Sixth Circuit has held that a habeas petitioner who demonstrates a credible claim of actual innocence based on **new** evidence may, in exceptional circumstances, be entitled to equitable tolling of habeas limitations. *See Souter v. Jones*, 395 F.3d 577, 597-98 (6th Cir. 2005) (emphasis added). Petitioner, however, fails to meet the standard for proving a claim of actual innocence. To support a claim of actual innocence, a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Souter*, 395 F.3d at 590, 598-99; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Allen*, 366 F.3d at 405. A valid

claim of actual innocence requires a petitioner "to support his allegations of constitutional error with **new** reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted). In this case, Petitioner's claim is not based on new evidence. Petitioner's claim could have been brought at any time after his parole was revoked. Petitioner fails to explain his failure to take any action to contest his parole revocation in a timely manner. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of his petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. Furthermore, Petitioner's ability to file objections to this report and recommendation constitutes his opportunity to be heard by the District Judge.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of

Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   June 12, 2006